IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN ROBERT DEMOS                                                                                    PLAINTIFF

     v.                            Civil No.6:08-cv-06055

UNITED STATES OF AMERICA                                                                DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, John Robert Demos (hereinafter "Demos"), proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Demos' complaint was filed subject to a later determination of whether service of process should issue on the Defendant.

## BACKGROUND

Demos is currently incarcerated in a Washington State Correctional Facility. He was convicted of first-degree burglary and attempted first degree rape in the King County Superior Court of the State of Washington. *State v. Demos*, 94 Wash. 2d 733, 619 P.2d 968 (1980). He filed this action seeking a declaratory judgment that the only two crimes mentioned in the United States Constitution and presumably therefore punishable under the United States Constitution are treason and counterfeiting. He asserts burglary is not a crime that is alluded to in the United States Constitution.

## DISCUSSION

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, amended 28 U.S.C. § 1915 which governs proceedings filed *in forma*

*pauperis* (IFP) in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. Prior to the enactment of the PLRA, a prisoner who attained IFP status was exempt from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee although they are permitted to pay the fee in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which prohibits a prisoner from bringing a civil action IFP, without prepayment of the filing fee,

> "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Martin v. Shelton*, 319 F.3d 1048 (8th Cir. 2003); *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Since the filing of the instant action, it has come to the court's attention that Demos has filed numerous actions in other courts that qualify as strikes against him under section 1915(g). *See e.g., Demos v. Ryan*, Civil No. 00-921 (D.N.J. Sept. 18, 2000)(failure to state a claim); *Demos v. Warner-Lambert Co.*, Civil No. 94-5309 (D.N.J. Aug. 28, 1995)(failure to state a claim); *Demos v. Doe, Chairman, Mars Incorporated Candy Co.*, Civil NO. 94-4780 (D.N.J. Sept. 30, 1994)(dismissed as frivolous). The case of *Demos v. Doe, Chairman, American Institute for Food Distribution,* Civil No. 05-5843, 2006 WL 891447 (D.N.J. Apr. 4, 2006) provides a list of twenty-five other lawsuits that have been dismissed as frivolous or for failure to state a claim. Additionally, Demos has had cases dismissed because of application of the three strikes rule. *See e.g., Demos v. Doe, Chairman, American Institute for Food Distribution,* Civil No. 05-5843, 2006 WL 891447 (D.N.J. Apr. 4,

2006); *Demos v. Doe, Chairman, Master Foods USA*, Civil No. 05-5806, 2006 WL 840391 (D.N.J. March 24, 2006).

In this case, Demos has not alleged any facts to indicate that he is under imminent danger of serious physical injury. *Cf. Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Therefore, Demos is not eligible for IFP status.

In addition to not being eligible for IFP status, the case is subject to dismissal for failure to state a claim. The primary authority for defining and enforcing criminal law rests with the States. *Brecht v. Abrahamson*, 507 U.S. 619, 635, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). As the Supreme Court has noted on numerous occasions, "[b]roadly speaking, crimes in the United States are what the laws of the individual States make them, subject to the limitations of Art. 1, § 10, cl. 1, in the original Constitution, prohibiting bills of attainder and ex post facto laws, and of the Thirteenth and Fourteenth Amendments." *Rochin v. California*, 342 U.S. 165, 72 S. Ct. 205, 207, 96 L. Ed. 183 (1952). Demos does not allege his burglary conviction violated ex post facto laws or imposed a punishment in violation of the bill of attainder prohibition. Instead, he merely argues that burglary was not one of the crimes mentioned in the United States Constitution. This argument is without merit.

## **CONCLUSION**

Accordingly, I recommend that Demos' IFP status be revoked pursuant to 28 U.S.C. § 1915(g). Further, I recommend that this case be dismissed on the grounds that the claims are

frivolous and fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii)(IFP action may be dismissed on such grounds at any time).

In addition, Demos should be precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which John R. Demos seeks to proceed IFP. The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Demos has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**Demos has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Demos is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 7th day of October 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE